## In re McGRATH.

### Patent Appeal No. 3011.

Court of Customs and Patent Appeals.

Dec. 5, 1932.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and R. H. Hudson, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, upon the ground of lack of invention in view of the prior art, claim 21 of appellant's application, filed October 20, 1920, said claim reading as follows:

"21. An engine starter apparatus including a shaft, a driving member movable longi-

tudinally thereon for engagement with a member of the engine to be started, manually operated means for moving such driving member longitudinally into such engagement, and means separate from the driving member and movable relative to the shaft cooperating with the shaft and driving member for establishing driving relation between the driving member and the shaft after such driving member has reached a positive limit in its longitudinal movement."

The reference relied upon is Deutsch, 1,254,213, January 22, 1918.

The alleged invention herein involved is described by the Board of Appeals as follows:

"This application discloses an engine starter of the Bendix type comprising a motor, on the shaft of which is loosely mounted a threaded sleeve, the sleeve being driven from the motor shaft through a spring 8. The outer end of the threaded sleeve is provided with a stop member 7, and slidably mounted on the sleeve is a pinion, adapted when in contact with the stop to mesh with teeth on the flywheel. Threaded on the sleeve is a member 14. A manual means is provided for sliding the pinion on the sleeve and for closing a switch to operate the motor. In operation, as the manual means shifts the pinion against the stop 7 and into mesh with the teeth on the flywheel and closes the switch, the sleeve is rotated and member 14, by reason of its threaded connection with the sleeve, is moved along the sleeve and clamps the pinion against the stop 7. Continued rotation of the motor drives the pinion and, in turn, the flywheel."

With respect to the Deutsch reference, the Board stated:

"Deutsch, relied upon by the examiner, discloses an engine starter comprising a motor the shaft of which has a clutch member 33 mounted on it and connected to it by a spring. Also slidably mounted on the motor shaft is a pinion provided at one side with a flange 26 and at the opposite side with clutch member 32, adapted to cooperate with clutch member 33. The pinion is adapted to be moved along the motor shaft by the manually operated rod 20. In operation, the pinion is moved along the shaft into mesh with the teeth of the flywheel and the cooperating clutch members 32 and 33 brought together. Movement of the motor shaft through the spring and clutch members drives the pinion and, in turn, the flywheel. * * *"

It is admitted by appellant that the claim here in issue reads upon said reference, with the exception of the last element of said claim, beginning with the words, "and means separate from the driving member."

Appellant contends that the claim requires that the pinion be moved to a positively limited position before driving relation between the pinion and the shaft referred to in the claim is established, and that the Deutsch reference establishes such driving relation between the pinion and the shaft *before* the pinion has reached a positive limit in its longitudinal movement.

The Board in its decision impliedly admitted that appellant's contention in this respect is correct, but stated that it is immaterial in what order the driving connection and the stopping occur. Appellant insists that the Board is in error as to this, and states in his brief as follows:

"In Deutsch, the full starting torque is taken by the ends of the clutch teeth just as they engage initially, because the driving relation is established at this instant. This operation would lead to excessive wear on the ends of the teeth. In the McGrath invention, the teeth of the flywheel gear and pinion, which are the only meshing parts, are fully engaged before any driving relation is established."

We cannot agree with the Board of Appeals that the order in which driving connection and stopping of the longitudinal movement of the pinion occur is immaterial, for it seems to us that there is a decided advantage in having meshing parts engaged before rotary motion is applied to the transmission. Inasmuch as appellant accomplishes this, and the reference Deutsch does not, we are of the opinion that, while the improvement in appellant's structure over that of the reference may not be of major importance, it is an improvement that constitutes a patentable distinction over said reference. Having come to this conclusion, it is unnecessary to consider other contentions made by appellant.

For the reason stated, the decision of the Board of Appeals is reversed.

Reversed.